IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
EASTERN DIVISION

RANDAL MCMURRY,       )
                              )
      Plaintiff,      )
                              )
v.                         )      Civil Action No.: 02-PT-1109-E
                              )
PROVIDENT LIFE & ACCIDENT   )
INSURANCE COMPANY,        )
                              )
      Defendant.     )

**ENTERED**

**JUL 21 2003**

## FINDINGS OF FACT AND CONCLUSIONS OF LAW

This cause comes before the court upon submission by stipulation. *See* Attached Ex. 1.

### FACTS AND PROCEDURAL HISTORY

Plaintiff Randal McMurry ("McMurry") was covered under a group long-term disability policy ("the Policy") through his employer, Rollins, Inc. *See* Compl. and Ex. D. The Policy was issued by defendant Provident Life and Accident Insurance Company ("Provident"). The Policy is governed by the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. § 1001, *et seq*.

McMurry filed a claim for benefits under the Policy. He received benefits under the "own occupation" provision of the Policy until April 18, 2001. McMurry's diagnosis was "CAD, s/p MI of 1-99 and 5-99, CABG x 3 vessels on 2-3-99, PTCA with stint placement of 6-18-99, HTN, IDDM with claudation to the lower extremities, Hyperlipedemia, and bouts of CHF and Atrial fib." *See* Ex. E at 16-17, 359. McMurry's job as a termite service manager required him to walk, stand, climb, crawl, crouch, kneel, and lift 40-70 pounds. Because of the restrictions placed on McMurry by his physician, C. Neal Canup, M.D., Provident concedes that

McMurry met the definition of disability under the "own occupation" provision of the Policy.
*See* Def. Br. at 2, ¶ 4.

On November 21, 2000, Provident sent McMurry a letter notifying him that his claim
was being evaluated under the "any occupation" provision of the Policy as of April 18, 2001.
McMurry was instructed to return a proof of continuance of disability form. McMurry returned
the forms signed by him and Dr. Canup. Dr. Canup stated that McMurry's diagnosis was
"diabetic neuropathy; coronary artery dz; hypertension; status CABG." Dr. Canup stated that
McMurry was disabled from his occupation and any other work. He also stated that McMurry
could perform sedentary work with maximum lifting at 10 pounds. *See* Ex. E at 389-90, 359,
394-95. Except for the continuation forms and some additional lab work, McMurry's medical
file remained the same as during the "own occupation" evaluation. After receiving the
additional information, Provident referred the file to cardiologist Jeffrey H. Johnson, M.D., for
review. Dr. Johnson determined that "the claimant is likely limited to sedentary activity . . .
there is no objective evidence precluding him from doing this type of activity." *See* Ex. E at
399-401, 411, 413-14. Dr. Johnson did not perform any physical examination or independent
diagnostic testing of McMurry. Provident then referred the file to a Vocational Rehabilitation
Consultant. Given McMurry's education, experience, and limitations, the consultant determined
that McMurry could perform the job of motor vehicle dispatcher or maintenance scheduler. *Id.*
at 416-19.

Provident determined that McMurry was not disabled under the "any occupation"
provision of the Policy and discontinued benefits. *See* Ex. D at 5, 9; Ex. E at 364-66. On March
15, 2001, Provident sent McMurry a letter to this effect. Provident noted that both Dr. Canup

2

and Dr. Johnson determined that McMurry's work capacity is sedentary.  McMurry was also

provided the information from the rehabilitative consultant.  *See* Ex. E at 422-24.  On May 31,

2001, Provident received an ERISA appeal from McMurry.  The appeal included a list of current

medications and a copy of Dr. Canup's letter dated May 16, 2001, stating that McMurry is

totally and permanently disabled, along with other records.  McMurry also notified Provident of

his favorable Social Security determination.  *See* Ex. E at 439-50.

Provident reviewed the appeal information, including the result of a treadmill test

performed on September 13, 2000, showing that McMurry had walked four and a half minutes

before experiencing symptoms.  Physician Thomas Hashway, Jr. reviewed the file and

determined, among other things, that "the evidence [supports] the attending physician's assertion

that the claimant cannot walk for any extended length of time.  However, the claimant does have

some exercise capacity, as evidence by treadmill performance.  There is no reason why the

claimant cannot sit, stand, or drive for any extended length of time. . . ."  *See* Ex. E at 460-61.

Dr. Hashway did not examine or test McMurry.  On August 6, 2001, Provident sent McMurry a

letter notifying him that his condition did not preclude him from returning to work in "any

occupation."  The letter also stated that the appeal had been submitted to Provident's Quality

Review Department for further review.  On October 22, 2001, Provident sent a letter to

McMurry informing him that his appeal had been denied.  *Id.* at 464, 470-72.

After this lawsuit was filed, Provident subpoenaed McMurry's records from the VA

hospital.  These records were not part of the record Provident used in making its determinations,

except for an abdominal ultrasound dated November 7, 2000, which was reviewed during the

appeal.  The VA records relate primarily to McMurry's diabetes.  On September 11, 2002,

3

McMurry was diagnosed as having "mild stocking neuropathy." *See* Ex. A at 70. Nothing in the VA records changed Provident's position. *See* Ex. F at 1-3. Provident does note that the VA records show a history of non-compliance on McMurry's part. *See, e.g.,* Ex. A at 72 ("poorly controlled diabetes, poorly compliant); *See also* Ex A. at 60, 73, 86. Dr. Hashway stated that non-compliance leads to worse health problems. *See* Ex. F. Provident also subpoenaed McMurry's records from the Anniston Family Practice. Some of these records Provident had before during the claim process, some it did not. *See* Def. Br. at 6 n.2. However, the additional records did not change Provident's determination.

McMurry was allowed to take the deposition of Dr. Canup after the lawsuit was filed. Dr. Canup continued to state that McMurry could not work in his own or any other occupation, despite the physician statement that he signed which stated that McMurry could do sedentary work. *See* Ex. C at 14, 17; depo. exs. 2-3. Dr. Canup was pressed on whether McMurry could perform any type of work. While he seemed to state that it was theoretically possible, his position remained that McMurry was permanently and totally disabled. *See, e.g.,* Ex. C at 15, 31-36. However, Dr. Canup did admit that he had not seen McMurry since November 30, 2000, even though he wrote a letter to Provident dated May 16, 2001. Dr. Canup stated that in thirty-five years of practice, he had only opined four or five times that a patient was totally disabled.

After reviewing all of these additional records and testimony, Provident upheld its position that McMurry was not disabled from "any occupation." *See* Ex. F; Def. Br. at 7-8. At least one of the reasons for this determinations was McMurry's own noncompliance with the medical regiment.

McMurry filed this lawsuit on or around March 29, 2002 in the Circuit Court of Calhoun

4

County, Alabama.  Provident removed the case to this court on May 1, 2002.

## LEGAL STANDARD

A district court's review of an ERISA plan's denial of benefits under § 502(a)(1)(B) is to be reviewed *de novo*, unless "the benefit plan gives the administrator or fiduciary discretionary authority to determine eligibility for benefits or to construe the terms of the plan," in which case the court reviews whether the decision maker acted in an arbitrary or capricious manner. *Firestone Tire & Rubber Co. v. Bruch*, 489 U.S. 101, 115 (1989).  Consistent with *Firestone*, the Eleventh Circuit has adopted three standards of review under § 502(a)(1)(B): (1) *de novo*, applicable where the plan administrator has no discretion, (2) arbitrary and capricious (abuse of discretion), where the plan grants discretion to the administrator, and (3) heightened arbitrary and capricious, where the plan grants discretion but the administrator is acting under a conflict of interest. *Paramore v. Delta Air Lines, Inc.*, 129 F.3d 1446, 1449 (11th Cir. 1997).[1]  These standards of review apply to both the administrator's construction of the plan and the factual findings associated with each individual case. *Paramore*, 129 F.3d at 1451.

## ARGUMENTS

### I. Defendant's Position

Provident begins by citing several general propositions of law.  Provident argues that the proper standard of review is heightened arbitrary and capricious, because the Policy gives it discretionary authority, and it pays claims out if its own assets. *See Buckley v. Metropolitan Life*, 115 F.3d 936, 939-40 (11th Cir. 1997); Ex. D at 20 (discretionary authority).  Provident contends that under this standard, "we will not disturb any reasonable interpretation by the

---

[1]The third standard of review is derived from *Firestone*, where the Supreme Court noted that a conflict of interest is a factor to be weighed in determining whether there has been an abuse of discretion. 489 U.S. at 115.

administrator.  When the administrator also has a financial interest in the outcome of its benefits

decision or interpretation of the plan, however, 'this deference will be lessened to the degree

necessary to neutralize any untoward influence resulting from the conflict.'" *Baker v. Provident*

*Life & Accident Ins. Co.*, 171 F.3d 939, 941 (4th Cir. 1999)(citation omitted).  Also, Provident

argues that the record is limited to what the administrator had before it at the time it made its

decision.  *See Jett v. Blue Cross & Blue Shield of Ala., Inc.*, 890 F.2d 1137 (11th Cir. 1989).

Finally, Provident notes that a claims administrator is not required to accord special deference to

the opinions of the treating physician.  *See Black & Decker Disability Plan v. Nord*, ___ U.S.

___; 123 S. Ct. 1965, 1969 (2003).

  Here, Provident contends, there is no evidence that paying out of its own assets has

influenced the handling of McMurry's case.  Indeed, Provident had Dr. Johnson and Dr.

Hashway review all of the medical information submitted by McMurry.  Provident also

submitted the file to a vocational specialist.  Provident reviewed the claim on appeal, and again

after this lawsuit was filed.  The only information submitted to support the claim was the opinion

of Dr. Canup.  However, Provident notes, Dr. Canup never said that McMurry could not do

anything.  He admitted that Mcmurry might be able to work for an hour or two if his feet were

propped up.  *See* Ex. C at 31, 34.  Moreover, the VA records are replete with examples of

McMurry's noncompliance.  Dr. Canup seemed to indicate that there might be some

improvement if McMurry participated in a rehabilitation program.  *See* Ex. C at 36; *see also* Ex.

F.  Simply put, there is no evidence that Provident acted in an arbitrary and capricious manner,

even under the heightened standard.

  Finally, Provident notes that McMurry has made a claim for attorney's fees.  Provident

argues that there is no presumption of attorney's fees in the Eleventh Circuit, and that McMurry has presented no evidence in this case that would entitle him to attorney's fees. *See Freeman v. Continental Ins. Co.*, 996 F.2d 1116, 1121 (11th Cir. 1993).[2]

## II. Plaintiff's Position

McMurry notes that he also sent Provident a letter from another treating physician, Dr. Ruth Miller. *See* Pl. Ex. A.[3]  The letter, dated January 20, 2000, stated that McMurry was totally and permanently disabled, and offered to provide additional information if necessary.  Dr. Canup sent two evaluations indicating that McMurry was totally disabled. *See* Pl. Ex. B.  McMurry also notes Dr. Canup's testimony, and his letter of May 16, 2001. *See* Pl. Ex. C.  McMurry argues that Provident, rather than accepting the opinions of the two treating physicians who has seen, tested, and evaluated him for years, chose to have the file reviewed by two doctors who had never even seen him.

McMurry also disputes Provident's interpretation of certain evidence.  Specifically, he notes that Dr. Canup testified that McMurry's ability to walk on a treadmill was no indication of whether or not he was totally disabled.  McMurry also notes that his "noncompliance" had to do with the fact that he forgot to bring his sugar book with him to a doctor's appointment.  He contends that there is no evidence that he failed to comply with a treatment plan.  He also notes that the VA records state no opinion as to whether he is disabled or whether he could work.

McMurry agrees that, under the opinion in *Nord*, a court is not required to give any

---

[2]Provident also notes that it is entitled to an offset based on McMurry' Social Security award. *See* Def. Br. at 8, ¶ 18.

[3]McMurry submitted three exhibits in addition to the agreed evidentiary submissions.  Apparently, all three were part of the claim file.

7

special deference to a treating physician. However, he contends that in *Nord*, the non-treating physician had physically examined and tested the claimant. Such is not the case here. Here, the doctors simply reviewed the file and made a determination based on one four-minute treadmill walk. Provident's decision, McMurry argues, was arbitrary and capricious.

## CONCLUSIONS OF THE COURT

While this court recognizes that the opinions of treating physicians are not entitled to special deference and that Social Security decisions are not controlling,[4] this court, when applying a heightened arbitrary and capricious standard, concludes that the defendant did not give sufficient consideration and weight to the opinions of the two physicians who actually examined the plaintiff, nor to the combination of the opinions and the Social Security decision. It appears that the defendant simply deferred to what was beneficial to itself. The court will enter judgement for the plaintiff. The plaintiff will submit and serve a proposed judgment within 7 days. The defendant will have 7 days to respond as to form. The court will not at this stage make a final determination as to attorney's fees. It does not appear that the case involves circumstances justifying such payment. Any claim for attorney's fees will be by separate motion.

---

[4]As noted by the Eleventh Circuit: "Although a court may consider this information in reviewing a plan administrator's decision regarding eligibility for benefits under an ERISA-governed plan, *see Kirwan v. Marriott Corp.*, 10 F.3d 784, 790 n. 32 (11th Cir.1994), an award of benefits by the Social Security Administration is not dispositive of the issue before us, particularly given the measure of deference that we afford a plan administrator's decision." *Paramore v. Delta Air Lines, Inc.*, 129 F.3d 1446, 1452 n.5 (11th Cir. 1997).

This _____ day of July, 2003.


**ROBERT B. PROPST**
**SENIOR UNITED STATES DISTRICT JUDGE**

FILED

IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF ALABAMA
EASTERN DIVISION

2003 JUN 12  AM 10: 52

U.S. DIST. COURT
N.D. OF ALABAMA

RANDAL MCMURRY,                    )
                                   )
           Plaintiff,              )        CIVIL ACTION NO.
                                   )
vs.                                )        CV-2002-PT-1109-E
                                   )
PROVIDENT LIFE AND ACCIDENT        )
INSURANCE COMPANY,                 )
                                   )
           Defendant.              )

## NOTICE OF SUBMISSION OF CASE ON THE RECORD

Comes now the undersigned counsel for the parties in this case and notify this Honorable

Court of their agreement to submit this case for determination on the record.

It is undisputed that this case is governed by the Employee Retirement Income Security

Act of 1974 (ERISA) 29 U.S.C. §1001, et seq. As such, the reviewing authority is limited to the

record before the claims administrator at the time the benefits decision was made. See, *Jett v.*

*Blue Cross and Blue Shield of Alabama, Inc., et al.*, 890 F. 2d 1137 (11th Cir. 1989.)

Provident Life and Accident Insurance Company issued the group long term disability

policy in this case (L-123284-0001) to the plaintiff's employer Rollins, Inc. As an employee of

Rollins, Inc., plaintiff Randal McMurry was a policy participant. The plaintiff filed a claim for

disability benefits under the policy. He received benefits during the "own occupation" period

which expired on April 14, 2001, at which time Provident determined that the plaintiff was not

disabled under the "any occupation" definition in the policy and discontinued benefits.

Provident's decision was made based on the record before it at the time of the determination.

The Court ordered that the record before Provident at the time the benefits decision was

Exhibit 1

made be reopened for consideration of additional medical information. The additional

information included: (1) the deposition of C. Neal Canup, M.D. taken on January 8, 2003; (2)

additional records received from Anniston Family Practice, P.C.; and (3) records from the VA

Hospital.

Provident reviewed the additional materials and found that the plaintiff was not disabled

under the "any occupation" definition in the policy.

As stated above, the undersigned counsel for the parties in this case have agreed to present

this matter for determination on the record as opposed to going forward with the trial in this case

currently set on June 16, 2003.

On or before the trial date the parties will present separate Submissions referring to the

record, setting out their positions in detail for the benefit of the Court.

Respectfully submitted this the _12_ day of June 2003.

CLIFFORD M. SPENCER, JR., ESQUIRE
Attorney for Provident Life and Accident
Insurance Company
15 Twenty-first Street North
Suite 300 The Steiner Building
Birmingham, Alabama 35203-4103
Telephone: (205) 322-4477
Facsimile: (205) 328-2889
ASB6292C66C

THOMAS W. HARMON, ESQUIRE
Attorney for Randal McMurry
Brooks, Harmon & Monk, LLC
Post Office Box 67
Anniston, Alabama 36202
Telephone: (256) 238-8356
Facsimile: (256) 238-8368

2